EUGENE G. IREDALE: SBN 75292
JULIA YOO:  SBN 231163
GRACE JUN, SBN 287973
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525   FAX: (619) 233-3221

Attorneys for Plaintiff PAULA POKUSA

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAULA POKUSA, | ) Civil Action No. |
| | ) |
| Plaintiff, | ) **COMPLAINT** |
| v. | ) |
| | ) |
| URBAN OUTFITTERS, INC., | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

Plaintiff PAULO POKUSA, by Plaintiff's attorneys, upon personal knowledge as to Plaintiff, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. Urban Outfitters is a retail store chain selling clothing and household goods, generally aimed at young adults. As alleged herein, Urban Outfitters has misclassified Plaintiff as exempt under federal overtime laws and failed to pay Plaintiff for all hours worked by Plaintiff as well as overtime pay for hours worked above forty (40) hours in a workweek.

2. Plaintiff alleges that Plaintiff is: (i) entitled to unpaid wages from Defendant for all hours worked by them as well as for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the Federal Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331.

4. Plaintiff's claims involve matters of national or interstate interest.

5. Defendant is subject to personal jurisdiction in California and within this District.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 inasmuch as a substantial part of the events or omissions giving rise to the claims occurred in this District.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. Plaintiff is an adult individual residing in Irvine, California.

9. Defendant employed Plaintiff as a District Manager ("DM") from approximately September 2011 to July 2013 at Defendant's store located in Irvine Spectrum, California.

10. Plaintiff worked in excess of forty (40) hours per workweek, without receiving wages from Defendant for all hours worked, as well as overtime compensation as required by federal laws. By way of example, Plaintiff worked more than forty (40) hours during the week of December 16, 2013.

11. Defendant is a Pennsylvania corporation, with its principal executive offices located at 5000 South Broad Street, Philadelphia, Pennsylvania. According to Defendant's Form 10-K for the fiscal year ending January 31, 2017, the company operates 240 retail stores in the United States in which it sells "women's and men's fashion apparel, footwear, beauty and accessories . . . as well as an eclectic mix of apartment wares and gifts." (Form 10-K at 5). Defendant maintains control, oversight, and discretion over the operation of its retail stores, including their employment practices.

## STATEMENT OF FACTS

12. Defendant employed Plaintiff as a DM.

13. Defendant maintains control, oversight, and discretion over the operation of its retail stores, including their employment practices with respect to Plaintiff.

14. Plaintiff's work as a DM was performed in the normal course of Defendant's business and was integrated into it.

15. Consistent with Defendant's policy, pattern, and/or practice, Plaintiff regularly worked in excess of forty hours per workweek without being paid overtime wages, in violation of the FLSA. Defendant scheduled Plaintiff to work forty hours per work, but Plaintiff actually worked an average of approximately fifty-five (55) hours per week during each week in which he worked five or more

shifts. The number of shifts worked per week can be ascertained from Defendant's records.

16. Defendant assigned all of the work that Plaintiff performed, and/or has been aware of it.

17. This work required little skill and no capital investment. Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion. Indeed, in Defendant's most recent Form 10-K filed with the Securities and Exchange Commission, in which the company describes the organization of its stores, it all but admits that its stores are run by their store managers, and the DM position is treated as a subordinate one, on the level of staff:

> We have organized our retail store operations by brand into geographic areas or districts that each have a district manager. District managers are responsible for several stores and monitor and supervise individual store managers. Each store manager is responsible for overseeing the daily operations of one of our stores. In addition to a store manager, the staff of a typical store includes a combination of some or all of the following positions: a visual manager, several department managers and full and part-time sales and visual staff.

Urban Outfitters, Inc., (Form 10-K for the fiscal year ended Jan. 31, 2017 at 6-7).

18. As a DM, Plaintiff's primary job duties included manual work including but not limited to cleaning the store, folding clothes, building displays, and unloading freight.

19. As a DM, Plaintiff's primary job duties did not include: hiring, firing, disciplining, supervising, or exercising meaningful independent judgment and discretion.

20. Plaintiff's primary duties were manual in nature. The performance of manual labor duties occupied the majority of Plaintiff's working hours.

21. Pursuant to its centralized, company-wide policy, pattern and/or practice, Defendant classified Plaintiff and all DMs as exempt from coverage of the overtime provisions of the FLSA.

22. Upon information and belief, Defendant did not perform an individualized analysis of Plaintiff's job duties when making the decision to classify Plaintiff as exempt from the FLSA's and overtime protections.

23. Upon information and belief, Defendant's unlawful conduct was and is pursuant to its centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA. Defendant established labor budgets to cover labor costs for the stores in which Plaintiff and other DMs worked. The wages for Defendant's store-level employees, including Plaintiff, were deducted from the labor budgets. However, Defendant did not provide sufficient money for the labor budgets, causing Plaintiff, who was not paid overtime, to work additional hours without compensation so that Defendant could avoid paying additional wages to the hourly (non-exempt) store-level employees. Defendant did not consider the impact of its small labor budgets on Plaintiff's job duties, including whether these small labor budgets forced Plaintiff to perform manual labor and non-exempt duties due to the limited amount of money available to pay hourly (non-exempt) employees to perform such work.

24. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a policy, pattern, and/or practice of violating the FLSA with respect to Plaintiff. This policy and pattern or practice includes, but it is not limited to:

    a. willfully misclassifying Plaintiff as exempt from the overtime requirements of the FLSA.

    b. willfully failing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per workweek.

25. Defendant is aware or should have been aware that the FLSA required the Defendant to pay their employees primarily performing non-exempt duties an overtime premium for hours worked in excess of forty (40) hours per workweek.

26. Defendant's failure to pay overtime wages for work performed by Plaintiff in excess of forty (40) hours per week was willful.

27. During the course of the relevant period, Defendant failed to maintain accurate and sufficient time records for Plaintiff. Defendant had a policy and/or practice that did not allow Plaintiff to record all hours worked but only allowed Plaintiff to report a maximum of forty (40) hours worked per week.

## FIRST CLAIM FOR RELIEF:
## (FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES)

28. Plaintiff realleges and incorporates by reference all prior paragraphs as if they were set forth again herein.

29. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

30. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

31. At all relevant times and continuing to the present time, Defendant had a policy and practice of refusing to pay for all hours worked, as well as refusing to pay overtime compensation to their DMs, including Plaintiff, for hours worked in excess of forty hours per workweek.

32. As a result of Defendant's willful failure to compensate their employees, including Plaintiff, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, as well as for all hours worked by them, Defendant violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

33. As a result of Defendant's failure to record, report, credit and/or compensate their employees, including Plaintiff, Defendant has failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

34. As a result of Defendant's policy and/or practice to minimize labor costs with an insufficient labor budget, Defendant forced Plaintiff to perform the manual labor and non-exempt tasks described in this Complaint.

35. Due to Defendant's failure to provide enough labor budget funds, failure to perform an individualized analysis of Plaintiff's job duties to ensure that Plaintiff was performing exempt job duties, and failure to take into account the impact of the limited labor budgets on the job duties of Plaintiff, Defendant willfully violated the FLSA to save money. Defendant knew and/or showed reckless disregard for the matter of whether its conduct was prohibited by the Act. 29 U.S.C. § 255(a).

36. As a result of Defendant's FLSA violations, Plaintiff is entitled (a) to recover from Defendant his unpaid wages for all of the hours worked by Plaintiff, as overtime compensation, (b) to recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA, and (c) to recover Plaintiff's unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff seeks the following relief, and seeks an order or orders providing the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

      b.    An award of unpaid wages for all hours worked in excess of forty (40) hours in a workweek at a rate of one and one-half times the regular rate of pay due under the FLSA;

      c.    An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of forty (40) hours in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

      d.    An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

      e.    An award of prejudgment and post-judgment interest;

      f.    An award of costs and expenses of this action;

      g.    Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

DATED: December 7, 2017    Respectfully submitted,
**IREDALE AND YOO, APC**

By: /s/ *Eugene Iredale*
Eugene G. Iredale
Julia Yoo
Grace Jun
105 West F Street, 4th Floor,
San Diego, California 92101
Telephone: (619) 233-1525
Attorneys for Plaintiff

| | | |
|---|---|---|
| DATED: December 7, 2017 | | **HEPWORTH, GERSHBAUM & ROTH, PLLC** |

By: */s/ Marc S. Hepworth*
Marc S. Hepworth (*pro hac vice* forthcoming)
Charles Gershbaum (*pro hac vice* forthcoming)
David A. Roth (*pro hac vice* forthcoming)
Rebecca S. Predovan (*pro hac vice* forthcoming)
192 Lexington Avenue, Ste. 802
New York, New York 10016
Telephone: (212) 545-1199

DATED: December 7, 2017     **KLAFTER OLSEN & LESSER LLP**

By: */s/ Seth R. Lesser*
Seth R. Lesser (*pro hac vice* forthcoming)
Fran L. Rudich (*pro hac vice* forthcoming)
Michael H. Reed (*pro hac vice* forthcoming)
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220

DATED: December 7, 2017     **OUTTEN & GOLDEN LLP**

By: */s/ Jennifer Schwartz*
Jennifer Schwartz (Cal. Bar No. 135932)
Julia C. Stephanides (Cal. Bar No. 300587)
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
jschwartz@outtengolden.com
jstephanides@outtengolden.com

DATED: December 7, 2017     **OUTTEN & GOLDEN LLP**

|   |   |   |
|---|---|---|
| 1 | | By: */s/ Justin M. Swartz* |
| 2 | | Justin M. Swartz (*pro hac vice* forthcoming) |
| | | Michael J. Scimone (*pro hac vice* forthcoming) |
| 3 | | 685 Third Avenue, 25th Floor |
| 4 | | New York, New York 10017 |
| | | Telephone: (212) 245-1000 |

DATED: December 7, 2017     **SHAVITZ LAW GROUP, P.A.**

By: */s/ Gregg I. Shavitz*
Gregg I. Shavitz (*pro hac vice* forthcoming)
Susan H. Stern (*pro hac vice* forthcoming)
Alan L. Quiles (*pro hac vice* forthcoming)
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888